UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO:  CV-

| | | |
|---|---|---|
| DANA B. TILLOTSON, an individual | ) | |
| Plaintiff | ) | |
| v. | ) | COMPLAINT |
| NORTHSTAR LOCATION SERVICES LLC | ) | |
| and | ) | |
| GARY DEROOS | ) | |
| Defendants | ) | JURY TRIAL DEMANDED |

**COMPLAINT**

**I.  JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa.C.S. 2270.1 *et seq* (hereinafter "FCEUA") and Pennsylvania Unfair Trade Consumer Protection Law, 72 Pa.C.S 201-1, *et seq* (hereinafter "UTCPL"), which prohibit debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

2. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides within this district.

**II.  PARTIES**

3. Plaintiff, Dana B. Tillotson ("Plaintiff"), is a natural person who resides at 20 Pine Avenue, Richboro, PA 18954 and is a "consumer" as that term is defined by 15 U.S.C. section 1692a(3).

4.      Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, in this case, a credit card, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

5.      Defendant, Northstar Location Services LLC ("Northstar"), a limited liability company located at 4285 Genesee Street, Cheektowaga, New York 14225, and at all time relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3.and acted by and through its owners, managers, officer, shareholders, authorized representatives, partners, employees, agents and/or workmen.

6.      Defendant Northstar, at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

7.      Defendant, Gary DeRoos [sic] ("DeRoos") is, upon information and belief, an owner, manager, officer, partner, shareholder, authorized representative, employee, agent and/or workman of Northstar and, acting within the course and scope of her employment and/or business relationship with Northstar and, at all relevant times herein, is located at or through Northstar's office address at 4285 Genesee Street, Cheektowaga, New York 14225.

8.      At all times relevant to this Complaint, Defendant DeRoos is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and FCEUA 73 P.S. § 2270.3.

9.      At all times material and relevant hereto, Defendants are jointly, severally, individually, vicariously and/or equitably liable to Plaintiff.

## III.  FACTUAL ALLEGATIONS

10. On or about January 29, 2011, a person who identified himself as Gary DeRoos, called Plaintiff's mother and told her that he was looking for Dana Tillotson, and asked if she was there.

11. Plaintiff's mother did not give Defendant DeRoos any information during the aforementioned telephone call and she asked him not to call again.

12. Despite asking for Plaintiff during the aforesated telephone call to Plaintiff's mother, a few minutes after speaking with Plaintiff's mother, Defendant DeRoos called Plaintiff on Plaintiff's home phone number.

13. Daily thereafter, representatives from Defendant Northstar called Plaintiff and left messages on her home telephone.

14. Plaintiff had not given her mother's contact information to any debt collection agency or credit card company nor had she given Defendants, their client or any other entity connected with the alleged debt permission or consent to contact third parties including family members.

15. According to 15 U.S.C. §1692b(1), inter alia:

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall –

(1) identify himself, stte that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer.

16. Defendants violated the FDCPA by calling Plaintiff's mother for reasons other than confirming location information and despite knowing how to contact Plaintiff.

## IV. CAUSES OF ACTION

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. section 1692, et seq.

17. Plaintiff incorporates her allegations of paragraphs 1 through 16 as though set forth at length herein.

18. Defendants' actions as aforestated are false, deceptive, material and misleading to Plaintiff as follows:

(a) Defendants violated 15 U.S.C. § 1692b(1) by calling Plaintiff's mother for reasons other than confirming location information and, despite having Plaintiff's contact information.

(b) Defendants violated 15 U.S.C. § 1692c(b) by contacting a third party without the prior consent of the consumer for purposes of collecting a debt.

(c) Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

(d) Defendants violated 15 U.S.C. § 1692f by using any unfair or unconscionable means to collect or attempt to collect the alleged debt.

19. As a direct and proximate result of the Defendants' illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and expenses, mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

20. Plaintiff has been seriously damaged by Defendants' violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys fees.

21. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs in accordance with 15 U.S.C. § 1692k.

**CLAIMS FOR RELIEF**

22. Plaintiff incorporates her allegations of paragraphs 1 through 21 as though set forth at length herein.

23. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

24. As a result of each of Defendants' violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Dana B. Tillotson, prays that judgment be entered against each and every Defendant for the following:

 (1) Actual damages;

 (2) Statutory damages in the amount of $1,000.00;

 (3) Reasonable attorney's fees and costs;

 (4) Declaratory judgment that the Defendants' conduct violated the FDCPA;

 (5) Such other and further relief that the Court deems just and proper.

**COUNT II**
**VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT**
**(FCEUA, 73 Pa. C.S § 2270.1, et. seq.**

25. Plaintiff incorporates her allegations of paragraphs 1 through 24 as though set forth at length herein.

26. Defendants violated FCEUA, 73 P.S. § 2270.4(a), because any violation of FDCPA by a debt collector, as set forth above, constitutes an unfair or deceptive debt collection act or practice under FCEUA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dana B. Tillotson, prays that judgment be entered against each and every Defendant for the following:

(1) An Order declaring that Defendants violated the FCEU;

(2) Actual damages;

(3) Treble damages;

(4) Reasonable attorney's fees and costs;

(5) Such other and further relief that the Court deems just and proper.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE CONSUMER PROTECTION LAW
## ("UTCPL"), 73 Pa. C.S § 201-1, et. seq.

27. Plaintiff incorporates her allegations of paragraphs 1 through 26 as though set forth at length herein.

28. Defendants violated UTPCPL, because, pursuant to FCEUA, 73 P.S. § 2270.5(a), any unfair or deceptive debt collection act or practice under FCEUA by a debt collector or credit, as set forth above, constitutes a violation of UTPCPL.

29. Other unfair or deceptive acts or practices defined as such in 73 P.S. §201-2(4) committed by Defendants include, but are not limited to, the following:

Defendants engaged in fraudulent or deceptive conduct which would create the likelihood of confusion or of misunderstanding.

30.     Pursuant to UTPCPL, 73 P.S. § 201-3, such acts and practices are unlawful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Dana B. Tillotson, prays that judgment be entered against each and every Defendant for the following:

(1)     An Order declaring that Defendants violated the UTCPL

(2)     Actual damages;

(3)     Treble damages;

(4)     Reasonable attorney's fees and costs;

(5)     Such other and further relief that the Court deems just and proper.

**V.  DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7.Fed.R.Civ.P.38.

        Respectfully submitted,

        Mpf8441/s/*Michael P. Forbes*

        _____
        Law Office of Michael P. Forbes, P.C.
        By: Michael P. Forbes, Esquire
        Attorney for Plaintiff
        Attorney I.D.#55767
        200 Eagle Road
        Suite 220
        Wayne, PA 19087
        (610 293-9399
        (610)293-9388 (Fax)
        michael@mforbeslaw.com

        *Attorney for Plaintiff, Dana B. Tillotson*